# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA

GREGORY B. MYERS,

Plaintiff –Appellant,

v.

NAPLES GOLF AND BEACH CLUB, INC., a Florida Corporation, NAPLES PROPERTY HOLDING COMPANY, LLC, a Delaware limited liability company, NAPLES BEACH CLUB LAND TRUST TRUSTEE, LLC, a Delaware limited liability company, as Trustee under the Land Trust Agreement dated as of May 27, 2021, NAPLES BEACH CLUB PHASE II AND III LAND TRUST TRUSTEE, LLC, a Delaware limited liability company, as Trustee under the Land Trust Agreement dated as of May 27, 2021, and NBC CLUB OWNER, LLC, a Delaware limited liability company,

Defendants-Appellees

On Appeal from United States District Court
for the District of Columbia
No. 1:24-cv-03127

## APPELLEES, NAPLES PROPERTY HOLDING COMPANY, LLC, NAPLES BEACH CLUB LAND TRUST TRUSTEE, LLC, NAPLES BEACH CLUB PHASE II AND III LAND TRUST TRUSTEE, LLC, AND NBC CLUB OWNER, LLC, EMERGENCY MOTION TO DISMISS APPELLANT'S APPEAL, ENJOIN FURTHER FILINGS, AND IMPOSE SANCTIONS

**STEARNS WEAVER MILLER WEISSLER**
**ALHADEFF & SITTERSON, P.A.**
Glenn Burhans, Jr.
Florida Bar No. 605867
Christopher R. Clark
Florida Bar No. 1002388
106 East College Avenue, Suite 700
Tallahassee, FL 32301
Telephone: (850) 329-4850
Primary: gburhans@stearnsweaver.com
crclark@stearnsweaver.com
Secondary: cacosta@stearnsweaver.com
*Attorneys for Appellees*

**CERTIFICATE OF INTERESTED PERSONS**

Under Federal Rule of Appellate Procedure 26.1 and D.C. Circuit Rules 26.1, the following is an alphabetical list of trial judges, attorneys, persons, firms, partnerships, and corporations known to have an actual or potential interest in the outcome of this appeal:

Athens NPL LLC;

Brookes, Ralf;

Burhans, Jr., Glenn T.;

Clark, Christopher R.;

Delano, Caryl E., Chief U.S. Bankruptcy Judge;

Dell, Michael;

Donnelly, Brian P.;

Dudek, Kyle C., U.S. Magistrate Judge;

Fridkin, Jeffrey D.;

Guso, Jordi;

Huneycutt, Alice R.;

Kelly, Barbara Ann;

McConnell, Matthew;

MSD Hospitality Partners, L.P.;

MSD Naples Investors, LLC;

MSD Portfolio, L.P. – Investments;

MSD Real Estate Investments II, L.P.;

Murphy, Hannah E.;

Myers, Gregory Brian;

Naples Beach Club Amenities Owner, LLC;

Naples Beach Club Building A/B/C Owner, LLC;

Naples Beach Club Building D Owner, LLC;

Naples Beach Club Building E Hotel Residences Owner, LLC;

Naples Beach Club Building E Owner, LLC;

Naples Beach Club Building F Owner, LLC;

Naples Beach Club Building G Owner, LLC;

Naples Beach Club Building H Owner, LLC;

Naples Beach Club Hotel Owner, LLC;

Naples Beach Club Land Trust Trustee, LLC, as Trustee under the Land Trust Agreement, dated as of May 27, 2021;

Naples Beach Club Phase II and II Land Trust Trustee, LLC, as Trustee under the Land Trust Agreement, dated as of May 27, 2021;

Naples Beach Club Shared Facilities Owner, LLC;

Naples Beach Club Shared Facilities Owner II, LLC;

Naples Golf and Beach Club, Inc.;

Naples Intermediate Hotel and Condominium Phase I Holding Company, LLC;

Naples Intermediate Phase I Condominium Residence Holding Company, LLC;

Naples Property Holding Company, LLC;

NBC Club Owner, LLC;

NBC Club Owner II, LLC;

Reyes, Ana, U.S. District Court Judge

Stearns Weaver Miller Weissler Alhadeff & Sitterson P.A; and

Steele, John E., Senior U.S. District Court Judge

# TABLE OF CONTENTS

**Page**

CERTIFICATE OF INTERESTED PERSONS .......................................................1

D.C. CIRCUIT LOCAL RULE 27-1(E) – EMERGENCY STATEMENT..............1

INTRODUCTION .................................................................................................5

ARGUMENT ........................................................................................................9

1.  The Appeal of the Non-Final Minute Order is Unauthorized. .......................9

2.  Sanctions Should be Awarded per Federal Rule of Appellate
    Procedure 38. ............................................................................................10

    a.  *Myers's Appeal is Brought in Bad Faith.*.............................................11

    b.  *Sanctions are Appropriate.* .................................................................12

    c.  *NBC Entities Seek a Sanction Barring Myers from Filing any
        Further Pro Se Appeals Against Appellees Without Prior Leave
        of this Court or Without Representation by a Licensed Attorney.* ......14

CONCLUSION....................................................................................................15

CERTIFICATE OF COMPLIANCE....................................................................16

CERTIFICATE OF SERVICE .............................................................................17

i

# D.C. CIRCUIT LOCAL RULE 27-1(E) – EMERGENCY STATEMENT

Facially, this is an unauthorized appeal of a non-final minute order striking *pro se* Appellant, Gregory B. Myers's ("Myers") *Suggestion of Bankruptcy* he filed on behalf of a non-party trust. Dismissal of the unauthorized appeal per 28 U.S.C. § 1292(a)(1) is simple enough. However, this seemingly innocuous appeal is but a continuation of a series of vexatious actions across multiple state and federal courts. This is Myers's *third attempted* removal of the underlying Florida state court case styled *Myers v. Naples Golf and Beach Club, Inc., Naples Property Holding Company, LLC, Naples Beach Club Land Trust Trustee, LLC*, No. 21-CA-001441-0001 (Fla. 20th Cir. Ct. 2021) (final judgment entered in favor of Appellees on May 6, 2022) ("State Court Litigation"). *See State Court Litigation Final Judgment,* attached as **Exhibit 1**,[1] and is designed to forestall sanctions and other relief against Myers.

The two prior removals were filed in the Middle District of Florida and the latest remand order there banned Myers from further removal of the State Court Litigation. *See Myers v. Naples Golf and Beach Club, Inc., et. al.,* No. 2:24-cv-846 (M.D. Fla. Oct. 24, 2024) (remanding for lack of jurisdiction and as untimely and banning Myers from further removals of the State Court Litigation) attached as **Exhibit 2**. [D.E. #11-4, 11-5]. Faced with this ban, Myers filed the *third removal* in

---

[1] References to the D.C. District Court docket entries will be styled "D.E. #_".

the district court hours before properly re-noticed post-judgment proceeding that sought to sanction him for his abusive conduct, prior bad-faith removals, and to ban him from further *pro se* filings.[2] Now, the Court may question how we arrived here in this posture (striking a non-party suggestion of bankruptcy) and how is this an "emergency." This is by design and textbook of Myers's vexatious conduct.

The Maryland Bankruptcy Court and the Bankruptcy Court for the Middle District of Florida each have banned Myers, and his wife Barbara A. Kelly ("Kelly"), from filing bankruptcy stemming from their vexatious abuse of bankruptcy courts across the nation to frustrate creditors and innocent litigants. *See In re: Barbara Ann Kelly,* No. 23-127000-MCR (Bankr. Md. Dec. 10, 2023) (holding Myers and Kelly have ***demonstrated a masterful ability to subvert and pervert the bankruptcy and litigation processes*** and, until now, ***have enjoyed great success at abusing, harassing, and harming innocent creditors and parties in interest***) (emphasis added) attached as **Exhibit 3**; *In re: Gregory Brian Myers*, No. 21-bk-123-FMD (Bankr. M.D. Fla. January 20, 2023) (dismissing Myers's bankruptcy as a bad-faith filing designed to delay and frustrate the many parties with whom he is engaged in contentious litigation, some of whom over the course of the last decade) attached as **Exhibit 4**.

_____

[2] Myers filed the ***second*** removal hours before the original hearing seeking sanctions against him.

With those bans, and facing imminent remand and sanctions in many cases, Myers and his wife created the non-party 700 Trust, attempted to transfer their various assets to it, and filed the trust's bankruptcy all in the same day to try and gain the protections of the automatic stay from the bankruptcy proceedings.[3] They have masterfully executed this maneuver to delay and stay proceedings for the better part of a decade, but have achieved no success other than frustrating innocent litigants.

Shortly after Myers and Kelly filed the 700 Trust's bankruptcy, the Bankruptcy Court for the Northern District of Florida expeditiously ruled no automatic stay was in place for the instant case, or any of the litany of Myers and Kelly cases filed stemming from their prior ownership of their property located at 700 Gulfshore Blvd, N., Naples, Florida. *See Northern District Bankruptcy Court Interim Order,* attached as **Exhibit 5** [D.E. # 14-1]. The Northern District ruled that the automatic stay did not apply for two reasons: (1) the Naples Property was not property of the so-called debtor trust's estate due to the previous foreclosure sale; and (2) due to a prospective stay relief and equitable servitude imposed by the

---

[3] The only "asset" relevant to this appeal is Myers and Kelly's former ownership of their property at 700 Gulfshore Blvd N, Naples, Florida. Asset is quoted because that property was sold at a properly noticed and competitive foreclosure auction on October 25, 2024 – approximately two weeks **prior** to the purported transfer by Myers and Kelly. This property was the only avenue Myers and Kelly originally had for standing in the State Court Litigation.

Maryland Bankruptcy Court. Because the stay did not go into effect, "[i]t is improper and disingenuous for 700 Trust, Mr. Myers, Ms. Kelly, and their attorney to represent otherwise, which they have now done in other courts." *See Northern District Bankruptcy Court Memorandum Opinion,* attached as **Exhibit 6**, at p. 14. The Northern District of Florida Bankruptcy Judge noted that "Mr. Myers and Ms. Kelly have a long and well-documented history of abusing the Bankruptcy Code, the bankruptcy system, and other federal and state courts." *Id.*, at p. 3. Despite the various rulings finding him and his wife to be abusive litigants, Myers persists. This nefarious persistence forms the basis for the emergency nature of this motion.

While the 700 Trust's bankruptcy can no longer delay these proceedings, Myers individual bankruptcy ban expires on January 20, 2025. Following that expiration, Myers's delay tactics will continue with the filing of a yet another bankruptcy and he will seek to delay the instant case (as well as his many others). Appellees' have requested, and been granted in the prior removals and multiple related appeals, expedited treatment on this basis. Accordingly, Appellees' request expedited treatment of the instant appeal with the imposition of the appropriate sanctions – via injunction or otherwise – and dismissal of the instant appeal prior to January 20, 2025. The undersigned has communicated this request to the D.C. Circuit Court Clerk telephonically and notified *pro se* Appellant of the instant request and its emergency nature.

**INTRODUCTION**

Pursuant to Federal Rules of Appellate Procedure 27 and 38, and D.C. Local Rules 27.1(f) and 38, Defendants Naples Property Holding Company, LLC, Naples Beach Club Land Trust Trustee, LLC, Naples Beach Club Phase II and III Land Trust Trustee, LLC, and NBC Club Owner, LLC (collectively "NBC Entities") move to dismiss Gregory B. Myers's ("Myers") instant appeal. This appeal relates to the District Court for the District of Columbia's non-final *Minute Order* granting NBC Entities' *Time-Sensitive Motion to Strike Improper Suggestion of Bankruptcy and Dissolve Stay* ("Non-Final Minute Order") [D.E. #2, 3] issued November 19, 2024. The Non-Final Order is not appealable per 28 U.S.C. 1292(a)(1).

The underlying district court case involves Appellant, Gregory B. Myers's ("Myers") ***third attempted removal*** of the State Court Litigation after entry of final judgment on May 6, 2022 and the exhaustion of all state court appeals. Since entry of final judgment, Myers has filed *three* (3) attempted removals of the State Court Litigation to federal court (in two states)[4] and initiated four (4) appeals to the Eleventh Circuit Court of Appeals challenging the remand of his first two (2) improper removals.[5] Further complicating the issue, while the appeal of the second

---

[4] Middle District of Florida: *Myers v. Naples Golf and Beach Club, Inc. et. al.,* Nos. 2:23-cv-13, 2:24-cv-846. District of Columbia: *Myers v. Naples Golf and Beach Club, Inc. et. al.,* No. 1:24-cv-3127.

[5] The Eleventh Circuit appeals are styled *Myers v. Naples Golf and Beach Club, Inc. et. al.,* Nos. 23-11906 (appeal of remand dismissed), 11964 (consolidated in 11906),

removal of the State Court Litigation was pending and ostensibly sought to draw the State Court Litigation back to the Middle District of Florida, Myers filed the instant *third removal* of the State Court Litigation to Federal District Court of the District of Columbia and now this appeal.

In line with his frustrating delay tactics, *pro se* Myers improperly filed the *Suggestion of Bankruptcy* on behalf of non-party 700 Trust who alleged to have filed bankruptcy in the Bankruptcy Court in the Northern District of Florida. [D.E. # 2]. Upon receipt of the *Suggestion of Bankruptcy* the district court stayed the case via Minute Order, requiring NBC Entities to file their *Time-Sensitive Motion to Strike Improper Suggestion of Bankruptcy and Dissolve Stay* ("Motion to Strike") [D.E. # 3]. The Motion to Strike principally argued Myers's *pro se* filing on behalf of a non-party trust was unauthorized as a trust must be represented by an attorney. *Knoefler v. United Bank of Bismark*, 20 F.3d 347, 348 (8th Cir. 1994) ("A nonlawyer, such as these purported 'trustee(s) pro se' has no right to represent another entity, i.e. a trust, in a court of the United States.").

Additionally, NBC Entities argued the 700 Trust, and its bankruptcy, were concocted by Myers and his wife, Barbara A. Kelly ("Kelly") to try and thwart the foreclosure proceedings in *U.S. Bank Nat'l Assoc. v. Kelly*, No. 2009-CA-010813

---

13099 (dismissed for failure to pay filing fee), 13551 (pending dismissal, failed to file initial brief).

(Fla. 20th Cir. Ct. 2009).[6] Shortly after the D.C. Court's issuance of the Non-Final Minute Order striking the improper filing, the Bankruptcy Court for the Northern District of Florida ruled the 700 Trust's bankruptcy does not, and has never applied to the instant case, and the litany of cases filed by Myers or Kelly. *See* **Exhibit 5 and 6**, [D.E. # 14-1]. Undeterred, Myers pursues the instant unauthorized appeal to perpetuate his vexatious conduct.

Sadly, this is unsurprising as Myers and Kelly have engaged in similar conduct for the last decade to frustrate innocent litigants they have ensnared in vexatious litigation. *See In re: Barbara Ann Kelly,* No. 23-127000-MCR (Bankr. Md. Dec. 10, 2023); *In re: Gregory Brian Myers*, No. 21-bk-123-FMD (Bankr. M.D. Fla. July 15, 2021); *see also Myers v. McNamee, Hosea, Jernigan, Kim, Greenan, & Lynch,* 2020 WL 758151 at fn. 3 (D. Md. Feb. 14, 2020) (collecting extensive list of Myers bad-faith practices). The Court will be hard pressed to find a more despicable abuse of the federal district and appellate courts and sanctions must be forthcoming.

With their vexatious conduct coloring the instant posture, resolution of the instant appeal is straightforward. Myers's appeal of the Non-Final Order is

---

[6] The Naples Property subject to the foreclosure litigation, which was the basis for Myers's standing in the State Court Litigation, sold at a properly noticed foreclosure auction on October 25, 2024.

unauthorized per the Federal Rules of Appellate Procedure. While procedural resolution of the appeal is simple and direct, NBC Entities request the Court impose sanctions for Myers's continued vexatious conduct in this lawsuit. For years Myers has unleashed abusive tactics meant to frustrate and delay NBC Entities' re-development of the Naples Golf and Beach Club—a project properly reviewed and approved by the City of Naples in accordance with Naples ordinances and Florida law ("the Redevelopment Project"). His claims and appeals have no basis in law or fact and they violate a permanent injunction entered in the State Court Litigation prohibiting his continued claims. *See* **Exhibit 1** at 19-20, [D.E. # 11-2 at p. 19-20]. Having thrice removed this case to federal court and initiating five (5) improper appeals in this case alone, the Court must end Myers's abuse of the federal removal procedures and related frivolous appeals. Notwithstanding that *pro se* litigants are entitled to a measure of leniency, Myers has abused, and continues to abuse, this Court, the district courts, Florida state courts, and courts around the country, not to mention the numerous parties he ensnares in his meritless litigation.

Accordingly, NBC Entities move to dismiss this appeal as an improper interlocutory appeal and as frivolous pursuant to Federal Rule of Appellate Procedure 38, and requests the Court award attorneys' fees, costs, and enter appropriate sanctions barring Myers's unfettered access to the federal appellate courts absent supervision of competent counsel.

# ARGUMENT

## 1. The Appeal of the Non-Final Minute Order is Unauthorized.

Myers's instant appeal of the Non-Final Minute Order striking his improper *pro se* filing of a *Suggestion of Bankruptcy* on behalf of a non-party trust is unauthorized. "To be appealable, an order must either be final or fall into a specific class of interlocutory orders that are made appealable by statute or jurisprudential exception." *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000); *see also* 28 U.S.C. §§ 1291–92. "[I]nterlocutory appeals are inherently 'disruptive, time-consuming, and expensive,' and thus 'are generally disfavored.'" *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1276 (11th Cir. 2000) (quoting *Waste Mgmt. Holdings, Inc. v. Mowbray*, 208 F.3d 288, 294 (1st Cir. 2000)).

Section 1292(a) creates a narrow exception from the "long-established policy against piecemeal appeals." *See Gardner v. Westinghouse Broad. Co.*, 437 U.S. 478, 480, 98 S.Ct. 2451, 57 L.Ed.2d 364 (1978). Under that statute, the courts of appeals have appellate jurisdiction over certain classes of interlocutory orders, including interlocutory orders "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions. *See Positano Place at Naples I Condominium Assoc., Inc. v. Empire Indemnity Insurance,* 84 F.4th 1241, 1249 (11th Cir. 2023). Thus, as a threshold matter, this Court must determine whether the striking of an improperly filed suggestion of bankruptcy was an explicit grant of

an injunction. *Id.* A minute order striking an improper filing is not appealable under 28 U.S.C. § 1292(a)(1) as it does not have the "practical effect" of denying a request for injunctive relief or that it "might have a 'serious perhaps irreparable, consequent,' and … can be 'effectually challenged' only by immediate appeal." *See Salazar ex rel. Salazar v. District of Columbia,* 671 F.3d 1258, 1261 (D.C. Cir. 2012) (quoting *Carson v. Am. Brands, Inc.,* 450 U.S. 79, 84 (1981); *see also Kinsella v. Bureau of Ocean Energy Mgmt, et. al.,* No. 1:22-cv-02147-JMC, 2023 WL 3743553 (D.C. Cir. 2023) (same). The *Suggestion of Bankruptcy* was an improper *pro se* f attempt by Myers to delay the instant proceedings and is not appealable per 28 U.S.C. § 1292(a)(1). Accordingly, no ground supports Myers's interlocutory appeal and dismissal is warranted.

**2. Sanctions Should be Awarded per Federal Rule of Appellate Procedure 38.**

In addition to being unauthorized, the appeal is frivolous. Federal Rule of Appellate Procedure 38 (and D.C. Local Rule 38-1) permit that "if a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Rule 38 is a basis to move to dismiss an appeal as frivolous and impose sanctions. *Coastal Bank v. Martin*, 717 Fed. Appx. 860, 865 (11th Cir. 2017) (dismissing appeal and awarding sanctions where defendants "should have been well aware that their appeal had no chance of success"). "Rule 38

sanctions are appropriately imposed against appellants who raise clearly frivolous claims in the face of established law and clear facts." *Id.* (internal quotations omitted) (quoting *Parker v. Am. Traffic Solutions, Inc.*, 835 F.3d 1363, 1371 (11th Cir. 2016)).

Myers has been put on notice by multiple courts – including this one – that his claims are frivolous, have been barred or brought in bad faith, and subject to an injunction prohibiting him from making assertions to courts that he has an interest in NBC's property. In regards to the *Suggestion of Bankruptcy* at issue, the Northern District Bankruptcy Court stated Myers's assertions of the applicability of the automatic stay were "disingenuous" and placed him and his wife, on notice the Court was considering the imposition of vexatious litigant sanctions. *See* **Exhibit 6**, at p. 14, 16. Under these circumstances, sanctions are not only appropriate, but necessary to curtail the extensive abuse wrought by Myers.

### a. Myers's Appeal is Brought in Bad Faith.

Like his other suits, Myers's present suit, removals, and appeals are mere continuations of his bad faith litigation practices. The procedural posture and facts make clear Myers brings the instant appeal for the sole purpose of harassing NBC Entities by attempting to forestall the conclusion of the post-judgment matters remaining in the State Court Litigation. The hearing on the Contempt Motion was set to resolve with finality the State Court Litigation that Myers initiated and to

sanction him for his abusive conduct. Instead, Myers removed the case to federal court, for a ***third*** time, hours before the hearing, purportedly divesting the state court of jurisdiction.[7] This posture evinces Myers's intent to delay resolution of the State Court Litigation. He is unconcerned with acting in good faith, as demonstrated by his constant bad-faith removals.

### b. *Sanctions are Appropriate.*

Sanctions are appropriate here because Myers has clearly filed his appeal in bad faith and for an improper purpose. This is not Myers's first bad-faith filing. For example, the Eleventh Circuit has already sanctioned Myers once for filing a frivolous appeal similar to the instant appeal and awarded just damages, but withheld imposition of a filing bar. *See Myers v. Naples Property Holding Company, LLC,* No. 24-12043 (11th Cir. 2024). NBC Entities have made similar requests for sanctions in seven (7) other appeals Myers has filed in the Eleventh Circuit. Sanctions were withheld in four (4), but remain pending in three (3). Relatedly, Myers has been banned from filing removals in three (3) Middle District of Florida cases. Myers continues his abuse of the litigation process here by filing this baseless appeal in an attempt to avoid and frustrate the remand of the instant action and in a

---

[7] On November 5, 2024, at a properly noticed hearing Judge Brodie sanctioned Myers and Kelly's bad faith conduct and banned any further *pro se* filings in Florida State Court and a written order is forthcoming.

brazen attempt to invalidate the State Court Litigation's final judgment. As such, sanctions are required.

Though he is a *pro se* plaintiff, Myers has had more than ample experience litigating to know that his claims are objectively frivolous. Not only has he been litigating numerous similar suits against the NBC Entities since 2021, but he has also been put on notice by courts around the country that his abuse of the litigation process will not be permitted. *See Myers v. McNamee, Hosea, Jernigan, Kim, Greenan, & Lynch,* 2020 WL 758151 at fn. 3 (D. Md. Feb. 14, 2020) (collecting extensive list of Myers bad-faith practices); *see also* Exhibit **2**, **3**, **4**, **5**, and **6**. Here, sanctions are necessary to "curb the abusive practice of re-filing the same claims." *Thomas v. Evans*, 880 F.2d 1235, 1243 (11th Cir. 1989); *Saladino v. U.S.,* 63 Fed. Cl. 754, 757 (Fed. Cl. 2005) (following *pro se* plaintiff's filing of seventy-seven (77) lawsuits on his and others behalf, plaintiff was barred from filing of any action similar to his prior claims for ten (10) years); *Saladino v. U.S.,* 62 Fed. Cl. 782, 798 (Fed. Cl. 2004) (because plaintiff continued to file meritless claims, court mandated every pleading filed by plaintiff was to be reviewed by the court and defendant did not have to respond to any pleading unless so ordered by the court).

Myers has made a mockery of the judicial system for far too long. Court action is required to protect the innocent and beleaguered litigants, which Myers relentlessly attacks and ensnares in lengthy and expensive litigation with his

frivolous filings. His pattern and practice of filing baseless complaints, improper removals and groundless appeals—all unsupported by facts or law—is a surfeit of bad faith evidence and demonstrates the need for sanctions by this court. *Keister v. PPL Corp.*, 318 F.R.D. 247, 271 (M.D. Pa. 2015) (pattern of litigation founded on factual inconsistencies, wherein plaintiff's case was built largely on posturing, the consistent filing of pleadings, and meritless underlying claims were evidence of bad faith, justifying reasonable attorney's fees as "the minimum that will serve to adequately deter undesirable behavior"). Having been barred from similar conduct in the Middle District of Florida, one of his outlets is now – according to him – the District of Columbia.

### c. NBC Entities Seek a Sanction Barring Myers from Filing any Further Pro Se Appeals Against Appellees Without Prior Leave of this Court or Without Representation by a Licensed Attorney.

In addition to seeking monetary sanctions, NBC Entities seek an injunction barring Myers from appealing any further actions in the instant case against NBC Entities either (1) without prior leave of this court, or (2) without the representation of a licensed attorney. "Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986) (en banc) (per curiam). Thus, federal courts can protect their dockets from abuse by frequent filers so long as the measures taken are a reasonable

response to the abuse and access to the courts is not entirely foreclosed. *See Cofield v. Ala. Public Serv. Comm'n*, 936 F.2d 512, 517–18 (11th Cir. 1991) (discussing "pre-filing screening" in the *in forma pauperis* context "when the litigator has assets"). Where, as here, a plaintiff has engaged in a history of "repeated vexatious filings," a sanction barring further appeals pursuant to Rule 38 is appropriate. *Procup,* 792 F.2d 1069 at 1073-74 (finding district court could fashion appropriate injunction severely restricting *pro se* appellant's ability to file frivolous requests for judicial relief). Accordingly, this Court should take the appropriate steps to strictly limit Myers's ability to continue to abuse the judicial process to the detriment of NBC Entities.

## CONCLUSION

Myers's appeal must be dismissed and NBC Entities respectfully request that this Court:

(i) Dismiss Myers's appeal as unauthorized; or alternatively pursuant to Federal Rule of Appellate Procedure 38;

(ii) Sanction Myers for his objectively frivolous appeal;

(iii) Enter an injunction barring Myers from appealing any further actions against Appellees (a) without prior leave of this Court, and/or (b) without the representation of a licensed attorney; and

(iv) Award all respective attorneys' fees, costs, and grant any other relief deemed just and appropriate.

DATED:     January 6, 2025.

Respectfully submitted,

/s/ *Glenn Burhans, Jr.*
Glenn Burhans, Jr., Esq.
Florida Bar No. 605867
Christopher R. Clark, Esq.
Florida Bar No. 1002388
STEARNS WEAVER MILLER
WEISSLER ALHADEFF &
& SITTERSON, P.A.
106 East College Ave., Ste 700
Tallahassee, FL  32301
Telephone: (850) 580-7200
gburhans@stearnsweaver.com
crclark@stearnsweaver.com
*Counsel for Appellees, Naples
Property Holding Company, LLC,
Naples Beach Club Land Trust
Trustee, LLC, Naples Beach Club
Phase II and III Land Trust Trustee,
LLC, and NBC Club Owner, LLC*

## CERTIFICATE OF COMPLIANCE

This brief complied with the type-volume limitations of Fed. R. App. P. 27 (d)(2) as the brief contains 3,660 words. The Motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) as this motion has been prepared in the proportionally spaced typeface of Times New Roman in 14-point font size.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 6th day of January 2025, the undersigned counsel electronically filed the foregoing through the CM/ECF serving all counsel and *pro se* parties of record and separately re-served via electronic mail to: *pro se* Gregory B. Myers (gregbmyers@verizon.net).

By: */s/ Glenn Burhans*
Glenn Burhans, Jr., Esq.