# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

**No. 24-7180**  **September Term, 2024**

1:24-cv-03127-ACR

**Filed On:** February 5, 2025

Gregory B. Myers,

    Appellant

Barbara Ann Kelly,

    Appellee

    v.

Naples Golf and Beach Club, Inc., A Florida Corporation, et al.,

    Appellees

**BEFORE:** Childs, Pan, and Garcia, Circuit Judges

## O R D E R

Upon consideration of appellees' motion to dismiss and for sanctions; the opposition thereto, which includes a cross-motion to dismiss; the amended opposition; the notice of joinder; the motion to strike; the motion for an extension of time to file initial submissions; and the suggestion of bankruptcy, it is

**ORDERED** that the motion to strike be denied. See Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distributors Pty. Ltd., 647 F.2d 200, 201 (D.C. Cir. 1981) (per curiam) ("[M]otions to strike, as a general rule, are disfavored."). It is

**FURTHER ORDERED** that appellees' motion to dismiss be granted and this appeal be dismissed for lack of jurisdiction. This court's jurisdiction to review district court actions is generally limited to "final decisions," and the challenged order is not final. See 28 U.S.C. § 1291; Johnson v. Jones, 515 U.S. 304, 309 (1995); Blue v. D.C. Pub. Schs., 764 F.3d 11, 15 (D.C. Cir. 2014). Appellant argues that this court has jurisdiction pursuant to 28 U.S.C. § 1292(a)(1), which permits appeals from interlocutory orders "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions." However, "[t]he definition of an injunction under § 1292(a)(1)" is an "order directed to a party, enforceable by contempt, and designed to accord or protect, some or all of the substantive relief sought by a complaint." I.A.M.

Nat'l Pension Fund Benefit Plan A v. Cooper Indus., Inc., 789 F.2d 21, 24 (D.C. Cir. 1986) (internal quotation marks omitted).  Appellant has failed to demonstrate that the district court's November 19, 2024 minute order satisfies that definition.  See Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 279 (1988) ("An order by a federal court that relates only to the conduct or progress of litigation before that court ordinarily is not considered an injunction and therefore is not appealable under § 1292(a)(1).").  It is

    **FURTHER ORDERED** that the motion for sanctions be granted in part.  This court may impose sanctions on a party who brings an appeal "for an improper purpose, such as to harass or to cause unnecessary delay."  D.C. Cir. Rule 38.  Sanctions may include, among other things, "imposition of costs, expenses, and attorneys' fees."  Id.; see also Reliance Ins. Co. v. Sweeney Corp., Md., 792 F.2d 1137, 1138 (D.C. Cir. 1986).  It appears that appellant brought this appeal, and the underlying district court action, in bad faith and for an improper purpose.  Specifically, it appears that appellant brought this case in order to forestall the conclusion of the post-judgment matters remaining in the Florida state court litigation.  Appellant has offered no factual or legal justification for attempting to remove the Florida state court case to the district court in the District of Columbia.  Appellant also makes contradictory arguments about this court's jurisdiction and purports to move for dismissal of the action he himself brought, which further supports the conclusion that the appeal was brought, not for a proper purpose, but as a delay or harassment tactic.  Appellant's history of bad faith litigation in other courts provides additional support for this conclusion.  See, e.g., In re 700 Trust, No. 24-10230 (Bankr. N.D. Fla. Dec. 27, 2024) (noting that appellant and his wife have a "long and well-documented history of abusing the Bankruptcy Code, the bankruptcy system, and other federal and state courts").

    Under these circumstances, sanctions against appellant in the amount of appellees' reasonable attorneys' fees and costs incurred in litigating this appeal are justified.  See Fed. R. App. P. 38; D.C. Cir. Rule 38.  Appellees are directed to submit documentation of those fees and costs within 30 days of the date of this order.  Appellant may file a response within 14 days thereafter.  It is

    **FURTHER ORDERED** that appellant's cross-motion to dismiss for lack of jurisdiction and his motion for an extension of time to file initial submissions be dismissed as moot.

    Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution

of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

                                  **FOR THE COURT:**
                                  Clifton B. Cislak, Clerk

            BY:     /s/
                                  Selena R. Gancasz
                                  Deputy Clerk