## UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA

GREGORY B. MYERS,

Plaintiff –Appellant,

v.

NAPLES GOLF AND BEACH CLUB, INC., a Florida Corporation, NAPLES PROPERTY HOLDING COMPANY, LLC, a Delaware limited liability company, NAPLES BEACH CLUB LAND TRUST TRUSTEE, LLC, a Delaware limited liability company, as Trustee under the Land Trust Agreement dated as of May 27, 2021, NAPLES BEACH CLUB PHASE II AND III LAND TRUST TRUSTEE, LLC, a Delaware limited liability company, as Trustee under the Land Trust Agreement dated as of May 27, 2021, and NBC CLUB OWNER, LLC, a Delaware limited liability company,

Defendants-Appellees

On Appeal from United States District Court
for the District of Columbia
No. 1:24-cv-03127

## APPELLEES, NAPLES PROPERTY HOLDING COMPANY, LLC, NAPLES BEACH CLUB LAND TRUST TRUSTEE, LLC, NAPLES BEACH CLUB PHASE II AND III LAND TRUST TRUSTEE, LLC, AND NBC CLUB OWNER, LLC, APPLICATION FOR RULE 38 DAMAGES

**STEARNS WEAVER MILLER WEISSLER**
**ALHADEFF & SITTERSON, P.A.**
Glenn Burhans, Jr.
Florida Bar No. 605867
Christopher R. Clark
Florida Bar No. 1002388
106 East College Avenue, Suite 700
Tallahassee, FL 32301
Telephone: (850) 329-4850
Primary: gburhans@stearnsweaver.com
crclark@stearnsweaver.com
Secondary: cacosta@stearnsweaver.com
*Attorneys for Appellees*

## CERTIFICATE OF INTERESTED PERSONS

Under Federal Rule of Appellate Procedure 26.1 and D.C. Circuit Rules 26.1, the following is an alphabetical list of trial judges, attorneys, persons, firms, partnerships, and corporations known to have an actual or potential interest in the outcome of this appeal:

Athens NPL LLC;

Brookes, Ralf;

Burhans, Jr., Glenn T.;

Clark, Christopher R.;

Delano, Caryl E., Chief U.S. Bankruptcy Judge;

Dell, Michael;

Donnelly, Brian P.;

Dudek, Kyle C., U.S. Magistrate Judge;

Fridkin, Jeffrey D.;

Guso, Jordi;

Huneycutt, Alice R.;

Kelly, Barbara Ann;

McConnell, Matthew;

MSD Hospitality Partners, L.P.;

MSD Naples Investors, LLC;

MSD Portfolio, L.P. – Investments;

MSD Real Estate Investments II, L.P.;

Murphy, Hannah E.;

Myers, Gregory Brian;

Naples Beach Club Amenities Owner, LLC;

Naples Beach Club Building A/B/C Owner, LLC;

Naples Beach Club Building D Owner, LLC;

Naples Beach Club Building E Hotel Residences Owner, LLC;

Naples Beach Club Building E Owner, LLC;

Naples Beach Club Building F Owner, LLC;

Naples Beach Club Building G Owner, LLC;

Naples Beach Club Building H Owner, LLC;

Naples Beach Club Hotel Owner, LLC;

Naples Beach Club Land Trust Trustee, LLC, as Trustee under the Land Trust Agreement, dated as of May 27, 2021;

Naples Beach Club Phase II and II Land Trust Trustee, LLC, as Trustee under the Land Trust Agreement, dated as of May 27, 2021;

Naples Beach Club Shared Facilities Owner, LLC;

Naples Beach Club Shared Facilities Owner II, LLC;

Naples Golf and Beach Club, Inc.;

Naples Intermediate Hotel and Condominium Phase I Holding Company, LLC;

Naples Intermediate Phase I Condominium Residence Holding Company, LLC;

Naples Property Holding Company, LLC;

NBC Club Owner, LLC;

NBC Club Owner II, LLC;

Reyes, Ana, U.S. District Court Judge

Stearns Weaver Miller Weissler Alhadeff & Sitterson P.A; and

Steele, John E., Senior U.S. District Court Judge

**TABLE OF CONTENTS**

Page

CERTIFICATE OF INTERESTED PERSONS ................................................... C-1

REQUESTED RELIEF ............................................................................... 1

GROUNDS FOR RELIEF ........................................................................... 2

CONCLUSION ........................................................................................ 3

CERTIFICATE OF COMPLIANCE ............................................................... 4

CERTIFICATE OF SERVICE ...................................................................... 4

i

## REQUESTED RELIEF

Appellees, Naples Property Holding Company, LLC, Naples Beach Club Land Trust Trustee, LLC, Naples Beach Club Phase II and III Land Trust Trustee, LLC, and NBC Club Owner, ("Appellees") requests, per the Court's February 5, 2025, Order granting Appellees' *Emergency Motion to Dismiss Appellant's Appeal, Enjoin Further Filings, and Impose Sanctions* [Docs. # 2098926, # 2092784] and awarding monetary sanctions pursuant to Rule 38 and D.C. Cir. Rule 38 [D.E. #27-2], an award of its Attorneys' Fees identified in the attached *Declaration in Support of Application for Rule 38 Damages* and supporting invoices with incorporated time records.

An attorney's reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *See Norman v. Housing Auth. of Montgomery,* 836 F.2d 1292, 1303 (11th Cir. 1988). The total amount of fees and costs are as follows:

Attorneys' Fees: $5,148.00

Costs: $0

**GROUNDS FOR RELIEF**

Following the Court's dismissal of the instant appeal and award of Rule 38 Sanctions [Doc. # 2092784], Appellees file this instant application in support with the following supporting documentation:

1. Glenn Burhans, Jr. Esq., Declaration in Support of Application for Rule 38 Damages attached as **Exhibit 1** with the following supporting Exhibits:

   - Exhibit A: List of Vexatious History;

   - Exhibit B: Memorandum Opinion and Final Order;

   - Composite Exhibit C: January 2025 Invoice (Redacted all entries not seeking recovery) and February 2025 Partial Invoice (Redacted all entries not seeking recovery, partial invoice as the billing cycle is not complete for the entire matter, but is concluded for this discrete appeal).

The Eleventh Circuit, in a similarly postured case has previously ruled a similar fee award (same rates and timekeeper) is reasonable. *See Myers v. Naples Beach Club Land Trust Trustee, LLC,* No. 24-12043 (11th Cir. 2025) (finding same time keepers and rates for a similarly frivolous appeal were reasonable). *See Order and Fee Order* attached as **Composite Exhibit 2**. Irrespective of prior court's findings, this court is "an expert on the question [of attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *See Norman v. Housing Auth. of Montgomery,* 836 F.2d 1292, 1303 (11th Cir. 1988).

Accordingly, the Court should find the rates charged and time utilized to be reasonable based on the factors and posture of this case.

## CONCLUSION

Based on the above, the Court should find the amounts requested reasonable and award the amount of $5,148.00 in attorneys' fees as a Rule 38 sanction.

DATED:    February 27, 2025.

Respectfully submitted,

/s/ *Glenn Burhans, Jr.*
Glenn Burhans, Jr., Esq.
Florida Bar No. 605867
Christopher R. Clark, Esq.
Florida Bar No. 1002388
STEARNS WEAVER MILLER
WEISSLER ALHADEFF &
& SITTERSON, P.A.
106 East College Ave., Ste 700
Tallahassee, FL 32301
Telephone: (850) 580-7200
gburhans@stearnsweaver.com
crclark@stearnsweaver.com
*Counsel for Appellees, Naples*
*Property Holding Company, LLC,*
*Naples Beach Club Land Trust*
*Trustee, LLC, Naples Beach Club*
*Phase II and III Land Trust Trustee,*
*LLC, and NBC Club Owner, LLC*

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limitations of Fed. R. App. P. 27 (d)(2) as it contains 438 words. The document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) as this document has been prepared in the proportionally spaced typeface of Times New Roman in 14-point font size.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 27th day of February 2025, the undersigned counsel electronically filed the foregoing through the CM/ECF serving all counsel and *pro se* parties of record and separately re-served via electronic mail to: *pro se* Gregory B. Myers (gregbmyers@verizon.net).

By: */s/ Glenn Burhans, Jr.*
Glenn Burhans, Jr., Esq.